IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIM. NO. 19-00178 JMS |
| Plaintiff, | ORDER DENYING DEFENDANT'S "MOTION FOR COMPASSIONATE RELEASE UNDER (18 U.S.C. 3582), (1B1.13 CMT. 1) DUE TO 'EXTRAORDINARY AND COMPELLING CIRCUMSTANCES,'" ECF NO. 83 |
| vs. | |
| MARIO H. CAPETILLO-DAVILA, | |
| Defendant. | |

## ORDER DENYING "DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER (18 U.S.C. 3582), (1B1.13 CMT. 1) DUE TO 'EXTRAORDINARY AND COMPELLING CIRCUMSTANCES,'" ECF NO. 83

## I. INTRODUCTION

Pro se Defendant Mario H. Capetillo-Davila ("Defendant") has filed a "Motion for Compassionate Release Under (18 U.S.C. 3582), (1B1.13 cmt. 1) Due to 'Extraordinary and Compelling Circumstances,'" ("Motion"). ECF No. 83. Defendant requests a "termination of sentence" based on: (1) lockdown conditions caused by the COVID-19 pandemic; (2) his eligibility for time credits under the First Step Act; (3) family circumstances; and (4) successful rehabilitation while incarcerated. *Id*. at PageID.404. The court finds that Defendant has failed to exhaust administrative remedies as to his time credit eligibility under the First Step Act. Even if Defendant had fully exhausted administrative procedures, he has

failed to show extraordinary and compelling reasons warranting release.

Moreover, the court's analysis of the 18 U.S.C. § 3553(a) factors favors continued

incarceration.  Accordingly, for the reasons stated below, Defendant's Motion,

ECF No. 83, is DENIED.

## II.  **BACKGROUND**

Defendant is 33 years old and incarcerated at Oakdale II Federal

Correctional Institution ("Oakdale II FCI") with a projected release date of April

30, 2023.  *See* Find an inmate ("Find By Name," entering "Mario Capetillo-

Davila"), https://www.bop.gov/inmateloc/ (last visited March 22, 2023).  On

December 19, 2019, Defendant pled guilty to one-count of possession with intent

to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(A).  ECF Nos. 35 & 40.  On August 7, 2020, the court sentenced

Defendant to 60 months imprisonment, four years supervised release, and a $100

special assessment.  ECF No. 62.  On February 8, 2023, Defendant filed this

Motion.  ECF No. 83.  The government filed a response on March 3, 2023.  ECF

No. 86.  The court decides the Motion without a hearing pursuant to Local Rule

7.1(c).

## III.  **DISCUSSION**

### A.    **Legal Standard**

Ordinarily, "a federal court 'may not modify a term of imprisonment

once it has been imposed.'"  *United States v. Wright*, 46 F.4th 938, 944 (9th Cir.

2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18

U.S.C. § 3582(c)).  Congress created a limited exception for modifying the

sentence of a federal inmate who files a motion for "compassionate release"

satisfying the substantive and procedural requirements of 18 U.S.C.

§ 3582(c)(1)(A).  *See id.*  Section 3582(c)(1)(A), as amended by the First Step Act

of 2018 ("FSA"), provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment . . . after considering the factors set
> forth in [18 U.S.C.] section 3553(a) to the extent that
> they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant
> such a reduction;
>
>     . . . .
>
> and that such a reduction is consistent with applicable
> policy statements issued by the Sentencing
> Commission[.]

18 U.S.C. § 3582(c)(1)(A).

"As compassionate release derogates from the principle of finality, it

is a 'narrow' remedy . . . and the court's disposition of a compassionate release

motion 'is discretionary, not mandatory[.]'"  *Wright*, 46 F.4th at 944–45 (internal

citations omitted).  And although the court must consider "extraordinary and

compelling" reasons, the applicable policy statements by the Sentencing

Commission, and § 3553(a) factors, it may deny compassionate release on any of

these bases:

> First, the district court must determine whether "extraordinary
> and compelling reasons warrant" a sentence reduction.  Second,
> the court must evaluate whether a reduction would be
> "consistent with applicable policy statements issued by the
> Sentencing Commission."  Third, the court must consider and
> weigh the factors set forth in 18 U.S.C. § 3553(a) to decide
> whether the requested sentence reduction is warranted "under
> the particular circumstances of the case."  Although a district
> court must conclude that a defendant satisfies all three
> predicates before granting a motion for compassionate release,
> it may deny compassionate release if a defendant fails to satisfy
> any of these grounds.

*Wright*, 46 F.4th at 945 (internal citations and footnote omitted).

Although § 3582(c)(1)(A) requires a sentence reduction to be

"consistent with applicable policy statements issued by the [United States]

Sentencing Commission," that requirement does not apply to this case, as there is

currently no policy statement from the Sentencing Commission that is "applicable"

to compassionate release motions filed by a defendant rather than by the BOP

Director.  *See Wright*, 46 F.4th at 946.  Specifically, the Sentencing Commission's

policy statement, Guideline § 1B1.13, was promulgated before the FSA provided

criminal defendants the ability to file motions for compassionate release on their

own behalf.  *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per

curiam).  The Sentencing Commission has not yet amended the Guidelines post-

4

FSA. *Id.* at 800 n.1. This court is thus empowered to consider any extraordinary and compelling reason that warrants a sentence reduction. *See id.* at 801–02. In making this determination, "[t]he Sentencing Commission's statements in [§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* at 802.

The Ninth Circuit in *Keller*, after *Aruda*, further clarified the scope of the district court's discretion, holding that a district court may deny a compassionate release motion solely based on defendant's failure to show an "extraordinary and compelling" reason for release. "[A] district court that properly *denies* compassionate release need not evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A). *Keller*, 2 F.4th at 1284. "Such a reading is compelled by the structure of the compassionate release statute, which treats its requirements as conjunctive." *Wright*, 46 F.4th at 947 (citing *Keller*, 2 F.4th at 1284). "This structure necessarily dictates that a court may deny compassionate release at *any* stage of the § 3582(c)(1)(A) pipeline." *Id*. (emphasis added).

## B.    Extraordinary and Compelling Reasons Do Not Warrant Release

Defendant bears the burden of establishing extraordinary and compelling reasons warranting compassionate release. *See Wright*, 46 F.4th at 951; *United States v. Bogema*, 2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020). He has failed to do so and because of this, the court denies compassionate release.

*Wright*, 46 F.4th at 947.  The court addresses each of Defendant's reasons for seeking relief.[1]

## 1.    *COVID*

Defendant claims he endured "extraordinary hardship" imposed by COVID-19 lockdown conditions.  *See generally* ECF No. 83 at PageID.402–03.  However, "the COVID-19 pandemic is not by itself an extraordinary and compelling reason to grant relief," *United States v. Pariseau*, 2022 WL 15173493, at *4 (E.D. Wash. Oct. 26, 2022) (citation omitted), and Defendant offers nothing beyond general conditions that applied to all inmates at his facility.  *United States v. Carlos-Tafolla*, 2022 WL 1451633, at *3 (D. Idaho May 9, 2022) (concluding defendant's "argument that Covid-19 has impacted his conditions of confinement would apply equally to all inmates at his facility, and therefore, does not qualify as extraordinary or compelling circumstances"); *United States v. Gerber*, 2022 WL 4087941, at *1 (D. Or. Sept. 6, 2022) (determining that difficult conditions in BOP custody caused by the COVID-19 pandemic did "not satisfy the requirement that

---

[1]  The exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is "a mandatory claim-processing rule that must be enforced when properly invoked."  *Keller*, 2 F.4th at 1282.  In other words, if raised by the government in opposition to a motion for compassionate release, the exhaustion requirement must be enforced, but if the government does not raise the exhaustion requirement, it may be waived.  Except for arguing that Defendant failed to exhaust administrative remedies as to the computation of his sentence, including any earned time credits under the First Step Act, ECF No. 86 at PageID.428, which the court addresses below, the government does not dispute that Defendant exhausted administrative remedies as to his other arguments for compassionate release.  *See* ECF No. 83-1 at PageID.405 (Defendant's Form BP-9 Request for Administrative Remedy); *id*. at PageID.406 (warden's decision denying the Request).

6

there be extraordinary and compelling reasons warranting a reduction" in defendant's sentence); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

### 2.     *Time Credits*

Defendant claims that despite not being a U.S. citizen and having an immigration detainer, he is eligible for First Step Act time credits and his facility's staff are wrongfully denying him those credits.  ECF No. 83 at PageID.403. Defendant, however, did not assert this ground for compassionate release in his Request for Administrative Remedy.  *See* 28 C.F.R. § 542.14(a) (providing for submission for a formal Administrative Remedy Request on form BP-9); *see also* ECF No. 83-1 at PageID.405 (Request for Administrative Remedy).  To the extent Defendant seeks the application of time credits, the Bureau of Prisons' administrative remedy program is well suited to address such claims.  *See* 28 C.F.R. § 542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."); 28 C.F.R. § 523.43(b) ("Inmates may seek review of the loss of earned FSA Time Credits through the Bureau's Administrative Remedy Program.") (citation omitted); *Hanson v. Hendrix*, 2022 WL 4182535, at \*2 (D.

Or. Sept. 13, 2022) ("[T]he exhaustion requirement is particularly well-suited to address issues involving eligibility for earned time credits, as BOP has the authority to calculate prison sentences.").  Defendant has thus failed to exhaust the administrative remedy process as to whether he is entitled to earned time credits.

Moreover, many courts have already determined that a failure or denial of the BOP to calculate time credits does not constitute an extraordinary or compelling reason justifying compassionate release.  *See United States v. Penitani*, 2022 WL 4132900, at *4 (D. Haw. Sept. 12, 2022) ("Penitani does not show an extraordinary and compelling reason justifying compassionate release in claiming that the BOP has failed to consider him for low security status or to calculate his earned time credits."); *United States v. Ortiz*, 2023 WL 1781565, at *6 (W.D. Wash. Feb. 6, 2023) ("Defendant's individual claims regarding his experiences at Sheridan FCI and the calculation of his earned time credits do not constitute 'extraordinary and compelling' circumstances warranting the relief requested . . . ."); *United States v. Hayes*, 2023 WL 2242101, at *1 (W.D. Wash. Feb. 27, 2023) ("The denial or failure to calculate additional credits are not extraordinary or compelling reasons supporting [the defendant's] motion.").

### 3. *Parental Care*

Defendant also seeks early release to care for his parents who were diagnosed with cancer at the time of sentencing.  ECF No. 83 at PageID.404; *see*

*also* ECF No. 79 at PageID.369, PageID.378.  The Guidelines, which may "inform" the court's decision, state that:

> Compassionate release may also be warranted based on family circumstances.  Such situations include those where "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," as well as "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

*United States v. Herrera*, 2021 WL 5636883, at *2 (S.D. Cal. Dec. 1, 2021) (quoting U.S.S.G. § 1B1.13, cmt. n.1(C)).  "Lower courts are split on whether the need to care for elderly parents is an extraordinary and compelling circumstance allowing for compassionate release."  *United States v. Nott*, 2020 WL 6802386, at *1–2 (E.D. Cal. Nov. 19, 2020) (citing *United States v. Ledezma-Rodriguez*, 2020 WL 3971517, at *7 (S.D. Iowa July 14, 2020) (noting disagreement among courts and finding that the need to care for a parent could be sufficient in some circumstances); *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (holding that courts could consider factors not enumerated by the Sentencing Commission and that being a sole caregiver for a parent was an extraordinary and compelling reason warranting release); *but see United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i)."); *United States v. Ingram*, 2019 WL 3162305, at *2

(S.D. Ohio July 16, 2019) (noting the need to care for a 93-year-old mother in hospice was not an extraordinary and compelling reason for compassionate release as "many, if not all inmates, have aging and sick parents").

Here, although the court sides with the view that it has discretion to grant a motion for compassionate release based on the health of Defendant's parents, the court determines that, in this instance, Defendant has failed to demonstrate extraordinary and compelling reasons supporting the Motion.

Indeed, at sentencing, the court acknowledged that Defendant's parents are ill and need help, ECF No. 79 at PageID.378, but also noted that Defendant's situation is a "compelling but not totally unique" one, *id*. at PageID.381–82.  In addition, even if the court were to look beyond the grounds enumerated in Guideline § 1B1.13, Defendant has not provided evidence that he is the only available caretaker for his parents.  The Defendant's sister resides nearly three hours away from their parents, but she stated that she is unable to assist her parents as often as she would like. ECF No. 59 at PageID.228.  There is no evidence that Defendant's sister cannot provide care, and Defendant gives only vague generalizations as to his parents' conditions, which have "gotten worse." ECF No. 83 at PageID.403.  The court is sympathetic to Defendant's desire to care for his ill parents, but Defendant fails to clearly articulate an extraordinary and compelling family circumstance warranting compassionate release.

10

### 4. *Rehabilitation*

Finally, Defendant argues that because he has "successfully rehabilitated him self [sic]," the court should grant compassionate release. *Id*. The court commends Defendant's educational and vocational achievements while incarcerated, including obtaining a GED and teaching daily Spanish GED and ESL classes. *Id*. Nevertheless, "'[r]ehabilitation . . . alone' cannot be extraordinary and compelling." *United States v. Chen*, 48 F.4th 1092, 1096 (9th Cir. 2022) (quoting 28 U.S.C. § 994(t)); *see also United States v. Rollins*, 2021 WL 5445772, at *5 (W.D.N.Y. Nov. 22, 2021) (rejecting defendant's betterment through education courses alone as an extraordinary and compelling reason for sentence reduction); *United States v. Curry*, 2021 WL 5194685, at *4 (W.D.N.Y. Nov. 9, 2021) (same); *United States v. Brooker*, 976 F.3d 228, 237-38 (2d Cir. 2020) (holding that a district court's discretion in sentencing is broad; however, there is a "statutory limit on what a court may consider to be extraordinary and compelling . . . [and] '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'").

Further, the court has considered Defendant's rehabilitation—in combination with the other circumstances raised in his Motion—and finds that Defendant fails to show extraordinary and compelling reasons justifying his early release from custody. In sum, even after assessing the cumulative effect of all

Defendant's arguments, the court finds that Defendant does not meet his burden in demonstrating that extraordinary and compelling reasons justify his release.

## C.    Section 3553(a) Factors

The court independently denies Defendant's Motion, when considering the applicable 18 U.S.C. § 3553(a) factors. Those factors include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)–(2). And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). 18 U.S.C. § 3553(a).

In late October 2019, as part of a controlled delivery, federal agents recovered from Defendant's possession over two-and-a-half kilograms of d-methamphetamine hydrochloride. Defendant knew this methamphetamine was coming from Mexico and instructed other individuals to arrange for its delivery to his residence. Accordingly, the court determined Defendant to be an organizer under the Guidelines. And when investigators approached Defendant's residence,

he attempted to flee.  ECF No. 59.  Moreover, at the time that Defendant committed this offense, he was in the United States illegally.  ECF No. 79 at PageID.377.

       Defendant's total offense level was 35 with a criminal history category one, resulting in an advisory Guideline range of 168 to 210 months.  ECF No. 63.  The court, however, granted a motion for downward departure and exercised its discretion to impose a sentence of 60 months, significantly below the ten-year mandatory minimum and the Guideline range.  Under the parsimony clause, any sentence below the 60 months imposed would not be sufficient to comply with the goals of sentencing under 18 U.S.C. § 3553(a)(2).  The court also recognizes that Defendant did not commit a crime of violence, that he has no criminal history, no substance abuse history, and has support from his family.  Nonetheless, considering all the § 3553(a) factors, terminating his sentence would severely undermine the goals of sentencing set forth in § 3553(a)(2).

///

///

///

///

///

///

///

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 83, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 22, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Capetillo-Davila*, Cr. No. 19-00178 JMS, "Order Denying Defendant's Motion for Compassionate Release Under (18 U.S.C. 3582), (1b1.13 cmt. 1) Due to 'Extraordinary and Compelling Circumstances,'" ECF No. 83